IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 96-WY-2686-WD

TROUT UNLIMITED, et al.,

     Plaintiffs,

vs.

THE WATER SUPPLY AND STORAGE COMPANY; THE CITY OF GREELEY; and THE
STATE OF COLORADO,

     Defendants.

---

## ORDER DENYING MOTION FOR STAY OF ORDER PENDING APPEAL

---

This matter comes before the Court on the Defendant-Intervenors' Motion for Stay of

Order Pending Appeal. The Court, having considered the materials submitted in support of the

motion and the United States' and Plaintiff's responses thereto, and being otherwise fully

advised, FINDS and ORDERS as follows:

1. On April 28, 2004, this Court issued its Order on Complaint for Declaratory and

Injunctive Relief in this matter, reversing the Forest Service's 1994 decision to issue an easement

authorizing the operation of Long Draw Reservoir on National Forest System land and

remanding the matter to the agency for further consideration in accordance with its obligations

under FLPMA. Defendant-Intervenors appealed the Order to the Tenth Circuit. Although the

Forest Service filed a Notice of Appeal, it has since decided to not pursue an appeal of this

Court's Order. Rather, the Forest Service has issued a Notice of Intent to prepare an

environmental impact statement ("EIS") on the agency's proposal to reissue a special use

authorization in the form of an easement to Defendant-Intervenor Water Supply and Storage

Company ("WSSC"). A draft EIS is scheduled for release in August 2006. The final EIS is

expected in April 2007, with a decision to follow sometime thereafter. Movants argue that

without a stay, they will be forced to participate in a complex, lengthy and expensive

administrative proceeding, even though key legal issues of first impression have not yet been

decided by the Tenth Circuit. Movants further argue that the continuation of the Joint Operations

Plan on the Cache la Poudre River that involves other water users and benefits fisheries will be

subject to legal uncertainty.

2. The grant of a stay pending appeal pursuant to Rule 62(c) of the Federal Rules of Civil

Procedure is discretionary. *Middle Rio Grande Conservancy Dist. v. Norton*, 294 F.3d 1220,

1231 (10th Cir. 2002). Such extraordinary relief should only be granted where movants have

demonstrated "a clear and unequivocal right to relief." *Homans v. City of Albuquerque*, 264 F.3d

1240, 1243 (10th Cir. 2001). To demonstrate such a right, movants must show: "(1) the

likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not

granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4)

any risk of harm to the public interest." *Federal Trade Comm'n v. Mainstream Marketing*

*Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). If the moving party establishes that the three

"harm" factors weigh decidedly in its favor, the "likelihood of success" requirement is somewhat

relaxed. *Id.* Accordingly, the Court will first address the harm factors.

3. The Court first finds that Defendant-Intervenors have not shown a threat of irreparable

harm. To constitute irreparable harm, an injury "must be both certain and great," and must not be

"merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234,

1250 (10th Cir. 2001) (quoting *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3rd Cir. 1976)).

Movants do not identify *any* certain harm. Rather, Movants argue they face potential harm from "uncompensable loss of time and money associated with a *potentially* unnecessary environmental review process, as well as the loss of an asset *should* the Forest Service require bypass flows as a condition of a new authorization." (Motion at 9) (emphasis added). This Court's Order does not require the Forest Service to impose bypass flows. Moreover, the alleged harm that would occur from imposition of bypass flows is not imminent inasmuch as the Forest Service does not anticipate making a new decision until after April 2007. It is likely the appeal would be fully resolved by then. The Federal Defendants argue that, in any event, injuries in terms of money, time and energy necessarily expended in the absence of a stay are simply not enough to warrant the extraordinary remedy Movants seek. *See Shays v. Federal Election Comm'n*, 340 F.Supp.2d 39, 48 (D.D.C. 2004). This Court agrees.

4. Movants assert that the public interest is served by the stay because it would allow the 1994 easement to remain effective and thus require Movants to continue with the JOP and continue to fund mitigation measures for endangered species. (Motion at 7.) The Court agrees with the Federal Defendants, however, that those benefits can easily be realized without requiring the Forest Service to halt work on the EIS. Indeed, Federal Defendants represent that at least at one point WSSC had agreed to continue to participate in the JOP and make mitigation payments to benefit endangered species in the Platte River. Movants further argue that denying the stay will harm the public interest because the parties and public will spend considerable time, money and effort on various aspects of the permitting process and environmental impact review. However, Movants ignore the public's interest in preventing continued and irreparable resource damage. This Court has determined that the Forest Service's decision did not comply with

FLPMA's command to minimize damage when authorizing use of National Forest land. This Court agrees that delaying the remand will only delay the Forest Service's reaching a decision which complies with that mandate to minimize resource damage.

5. Movants assert that Plaintiffs and Federal Defendants will not be harmed if a stay is granted because the stay will ensure that the JOP and WSSC's mitigation payments will continue. Again, the Court finds that this rationale does not provide a basis for enjoining the Forest Service's work on the EIS as such an injunction is not required to achieve the benefits asserted by Movants. The Forest Service has broad discretion in administering the National Forests. The agency has elected to begin collecting data to support its decision making. The Federal Defendants will be harmed if this Court interferes in the Forest Service's exercise of its discretion.

6. Having failed to prevail on the three harm factors, the Court need not address the asserted likelihood of success on the merits. Nevertheless, the Court finds that Movants have failed to make any such showing. THEREFORE, it is hereby

ORDERED that the Motion for Stay of Order Pending Appeal is DENIED.

DATED this 31st day of August, 2005.

_____
United States District Judge